IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COURTNEY BEVAN f/k/a<br>Courtney Amack,<br><br>          Plaintiff,<br><br>v.<br><br>BUTLER & ASSOCIATES, P.A.,<br>STORMONT-VAIL, INC., and<br>STORMONT-VAIL HEALTHCARE,<br><br>          Defendants. | Case No. 16-cv-2785-DDC-KGS |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Butler & Associates, P.A., Stormont-Vail, Inc., and Stormont-Vail Healthcare's (collectively, "the defendants") Motion to Dismiss (Doc. 8). In plaintiff's Opposition, she stipulates to the dismissal of Stormont-Vail, Inc. and Stormont-Vail Healthcare, without prejudice, and asks to reserve "the right to seek leave to add these parties back if and when discovery may uncover additional facts supporting claims against them." Doc. 12 at 10.

Voluntary dismissal of civil actions is governed by Federal Rule of Civil Procedure 41. Subsection (a)(2) provides: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because plaintiff's Opposition represents that she "does stipulate to the dismissal of the two Stormont-Vail defendants from this lawsuit," the court understands her Opposition to be a "request" for voluntary dismissal under Rule 41.

1

In *Gobbo Farms & Orchards v. Poole Chemical Co.*, the Tenth Circuit held that Rule 41(a) "speaks to dismissal of an action, [and] not just a claim within an action." 81 F.3d 122, 123 (10th Cir. 1996). It explained its holding by stating that the plaintiff "offer[ed] no authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of [fewer] than all claims in an action." *Id.* The district courts in the Circuit have interpreted this language differently. Some, like the District of Colorado in *Carnett v. Watts*, hold that, though "[t]here is uncertainty in the Tenth Circuit whether Fed. R. Civ. P. 21 . . . or 41 . . . applies to the dismissal of a party from an action involving more than one defendant," "in most instances . . . it is immaterial whether dismissal is effectuated under Rule 21 or 41." No. 15-cv-02437-RM-KMT, 2016 WL 705986, at *1 (D. Colo. Feb. 23, 2016) (citations omitted). And others, like the District of Utah in *Van Leeuwen v. Bank of America*, hold that *Gobbo*'s holding is limited to dismissing claims, not parties, and so "*Gobbo* should not . . . block [a] plaintiff's use of Rule [41(a)] to dismiss all claims against" a defendant. 304 F.R.D. 691, 696–97 (D. Utah 2015).

Our court, it appears, has not addressed the issue directly since *Gobbo* was decided. But, three years before *Gobbo*, a Kansas case predicted *Gobbo*'s holding in *Campbell ex rel. Jackson v. Hoffman*, and then proceeded to discuss whether Rule 41(a) could be used to dismiss just one party in a case. 151 F.R.D. 682, 684 (D. Kan. 1993). In *Hoffman*, the court explained that "courts and . . . commentators have been more willing to accept the argument that Rule 41 can be utilized to dismiss one defendant or some, but not all, defendants," then stated that it agreed with this use of Rule 41. *Id.* (citations omitted). But, the court also noted that it didn't need to "employ such a tactic" because it had already granted the plaintiff's request to dismiss the claims at issue under Rule 15. *Id.*

The court predicts that the Tenth Circuit, were it to reach this question again, likely would agree with the District of Kansas in *Hoffman* and the District of Utah in *Van Leeuwen*. Still, the court does not wish to stake the parties' best hopes on this prediction. Instead, given the uncertainty that these cases illustrate, the court believes it prudent to construe plaintiff's Opposition as a motion to amend her complaint. *See Utah Republican Party v. Cox*, 177 F. Supp. 3d 1343, 1372 (D. Utah 2016) ("Where a plaintiff wishes to dismiss certain claims but not dismiss the entire case or dismiss a defendant, the proper procedure is to amend the complaint under Rule 15." (footnote omitted)); *Hoffman*, 151 F.R.D. at 684 (declining to use Rule 41(a) to dismiss claims and a defendant and instead considering the plaintiff's request under Rule 15(a)).

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." A motion to amend under Rule 15 should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The court concludes that plaintiff deserves leave to amend her Complaint. The court finds no prejudice to defendants in granting plaintiff's request to dismiss them from this action. And, by allowing plaintiff to dismiss them, the Stormont-Vail defendants will avoid the expense, distraction, and effort of litigation. The court thus grants plaintiff's request to dismiss Stormont Vail, Inc., and Stormont-Vail Healthcare from this case by allowing plaintiff to file an amended complaint that omits those two defendants. Plaintiff must file this amended complaint within 14 days from the date of this Order.

The court thus grants plaintiff's motion to amend her Complaint. Plaintiff must file this amended complaint within 14 days from the date of this Order.

**IT IS SO ORDERED.**

**Dated this 31st day of May, 2017, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**