## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

COURTNEY BEVAN
f/k/a Courtney Amack,

       Plaintiff,

v.

BUTLER & ASSOCIATES, P.A.,

       Defendant.

Case No.  16-2785-DDC-KGS

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Butler & Associates, P.A.'s Renewed Motion to Dismiss (Doc. 16).  All parties have filed responses and replies.  For reasons explained below, the court grants defendant's motion in part and denies it in part.  After identifying the governing facts, this order explains why.

### I.    Facts

The following facts come from plaintiff's First Amended Complaint[1] (Doc. 15).  Because the current dismissal motion relies on Federal Rule of Civil Procedure 12(b)(6), the court must accept the pleaded facts as true and view them in the light most favorable to plaintiff.  *Ramirez v. Dep't of Corrs.*, 222 F.3d 1238, 1240 (10th Cir. 2000).  The court emphasizes that this standard controls the facts at this stage of the case.  In short, the court expresses no opinion whether they represent the facts that, ultimately, the factfinder would believe.

This lawsuit arises from an alleged debt that defendant tried to collect from plaintiff Courtney Bevan.  Defendant is a law firm who filed two lawsuits against plaintiff, trying to

---

[1]    For simplicity, the court will refer to the First Amended Complaint as "the Complaint."

collect $1,542.11. Plaintiff allegedly owed this debt to Stormont-Vail Regional Healthcare, defendant's client. Neither lawsuit explains why plaintiff purportedly owed the debt. Defendant did not serve plaintiff in either case.

Throughout her life, plaintiff has lived many places. Before graduating from high school in 2001, plaintiff lived at __42 Sycamore Lane, Ozawkie, Kansas ("the Ozawkie address").[2] This address is in a wooded area near Lake Perry. Plaintiff never has worked at this address. When plaintiff married Eric Amack in 2003, she moved to ___ Allen's Ally, Perry, Kansas. In 2005, plaintiff and Mr. Amack moved to __44 S.W. Clare Avenue, Topeka, Kansas ("the Topeka address"). Mr. Amack joined the military in May 2007 and was transferred to Fort Bliss near El Paso, Texas. Plaintiff moved with Mr. Amack to El Paso in 2007 and never returned to the Topeka address. While living in El Paso, plaintiff and Mr. Amack lived at two addresses: __01-A Artillery Road, El Paso, Texas ("the Artillery Road address"); and __09 Christenson Circle, El Paso, Texas.

Defendant filed the first small claim suit against plaintiff on July 27, 2009 in the District Court of Shawnee County, Kansas. The Petition alleged that plaintiff "may be served with certified mail service at __01 A Artillery Road, El Paso, El Paso County, TX 79906." Defendant attempted to serve plaintiff by mail at the Artillery Road address three times between July and December 2009. Each service effort was returned unclaimed. On February 1, 2010, the Shawnee County District Court ordered defendant to show cause why it had not served plaintiff. On May 1, 2010, the court dismissed the first lawsuit for failing to prosecute. The docket for the case includes this notation: "Case is not to be reinstated."

Defendant filed a second lawsuit seeking to collect the debt on May 26, 2011 in the same court, again asserting that plaintiff could be served at the Artillery Road address. Defendant

---

[2]    The court has abridged the addresses because of the court's privacy policy.

mailed a summons to the Artillery Road address, but again the summons was returned

unclaimed.  On July 8, 2011, defendant filed an affidavit with the Shawnee County District Court

asserting that plaintiff was not an active member of the military according to the Department of

Defense Manpower Data Center Military Verification website.  Defendant then tried to serve

plaintiff at the Ozawkie address, alleging that plaintiff worked at the Ozawkie address.

Defendant attempted to serve plaintiff three times there but all were returned unserved.  One

return included a note stating that plaintiff "was not known here."

On November 9, 2011, the Clerk of the Shawnee County District Court entered a docket

notation providing that the clerk had issued an alias summons for personal service on plaintiff.[3]

Defendant told the clerk that the Sheriff could serve plaintiff at the Topeka address.  But,

defendant knew plaintiff did not reside at this address.  On November 17, 2011, the Sheriff filed

a return of service receipt showing the sheriff had served plaintiff by tacking notice to the

Topeka address and mailing notice to the same address.[4]

On December 16, 2011, the Shawnee County District Court entered a default judgment

against plaintiff.  Defendant attempted to collect on the judgment by issuing a garnishment to the

Ozawkie address on January 11, 2012.  No one answered the garnishment.

After divorcing Mr. Amack in 2012, plaintiff moved back to Kansas.  On December 2,

2015, defendant issued a second garnishment on plaintiff's employer at the time, Geary

Community Hospital.  The hospital complied with the garnishment.  When the hospital notified

---

[3]    The parties dispute whether defendant requested residence or personal service. Defendant asks the court to
take judicial notice of the docket entry from the second lawsuit as proof that it requested personal service.  While the
court can take judicial notice of public records, the court cannot use the documents "to prove the truth of the matters
asserted therein."  *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  For now, the court takes judicial notice
that the clerk issued an alias summons for personal service.  The court cannot consider whether defendant asked for
personal service for purposes of deciding this motion.

[4]    In Kansas, a plaintiff can properly serve a defendant by leaving a copy of the process and petition at the
defendant's home without giving it to a resident of the home if the plaintiff mails a copy of the process and petition
to the same home. Kan. Stat. Ann. § 61-3003(d)(1).  This is known as residence service.  *See id.*

plaintiff that defendant was garnishing her wages, plaintiff called defendant on December 16,

2015.  Plaintiff asked about the alleged debt and explained that no one ever had served her with

process.  Defendant only told plaintiff that it had a default judgment against her and provided

information about a third lawsuit it filed against her.[5]  Defendant did not provide any information

about the debt that the second lawsuit had relied on for its allegations

Plaintiff contacted defendant again on January 15, 2016.  Defendant assured plaintiff that

it would mail information to her about the alleged debt.  But it never did.  When defendant failed

to mail the promised information, plaintiff contacted defendant four times in March 2016.

Plaintiff again asked about the purported debt she owed.  Again, defendant failed to provide any

substantive information.  Instead, it merely asserted that the debt arose on December 10, 2004.

When plaintiff asked if defendant could sue for a debt that old, defendant falsely told her that no

statute of limitations bars an action to collect a debt.  Defendant also told her that it could refile a

lawsuit repeatedly to collect a judgment, even if the court previously had dismissed the suit.  In

response to these conversations, plaintiff hired legal counsel.  Defendant collected nine wage

garnishment payments from plaintiff before the Shawnee County District Court set aside the

judgment on June 7, 2016.[6]

## II.    Claims Asserted

Plaintiff asserts four claims against defendant.  First, she asserts defendant violated the

Fair Debt Collection Practices Act ("FDCPA") (Count I).  Next, she asserts defendant violated

the Kansas Consumer Protection Act ("KCPA") (Count II).  Then, she asserts defendant

---

[5]     It is unclear from the Complaint when defendant filed this lawsuit or why.

[6]     The court takes judicial notice of this fact.  Docket Entry for June 7, 2016, *Stormont-Vail Regional Healthcare v. Bevan*, 2011-LM-11422 (Shawnee Cty. Ct. of Limited Actions).

committed abuse of process (Count III).  And last, plaintiff asserts defendant committed fraud (Count IV).

### III.    Legal Standard

On a motion to dismiss for failure to state a claim, the court accepts all facts pleaded by the non-moving party as true and draws any reasonable inferences in favor of the non-moving party.  *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"  *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court has explained, simply "will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  This is so because the court need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 557 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation omitted)).

When evaluating a motion to dismiss under Rule 12(b)(6), the court may consider the Complaint itself along with any attached exhibits and documents incorporated into it by

reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007); *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994)). A court also "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation omitted)).

A court can "'take judicial notice of its own files and records as well as facts which are a matter of public record.'" *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quoting *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001)). Such documents, however, "'may only be considered to show their contents, not to prove the truth of matters asserted therein.'" *Id.* (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). But, even where such documents exist, the governing cases permit the court to consider them—or not—as a matter of discretion. *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998).

Here, defendant asks the court to consider on judicial notice the docket entries of the second lawsuit, an affidavit filed in the second lawsuit swearing plaintiff was not in the military, and the return of service receipt. The court only considers these documents to show their contents. The court does not use the documents to prove the truth of the matters asserted in there. So, while the court acknowledges these documents exist, the court does not consider any facts asserted by the documents as true.

## IV.  Discussion

### A.  FDCPA (Count I)

Count I alleges that defendant violated the Fair Debt Collection Practices Act ("FDCPA").  When it passed the FDCPA, Congress was concerned that many debt collectors were using "abusive, deceptive, and unfair debt collection practices . . . ."  15 U.S.C. § 1692(a).  The FDCPA thus aims, in part, "to eliminate abusive debt collection practices by debt collectors."  *Id.* § 1692(e).  To this end, "[t]he FDCPA generally prohibits debt collectors from engaging in harassing and abusive conduct, using false, deceptive, and misleading representations, and using unfair or unconscionable means to collect debts."  *Udell v. Kan. Counselors, Inc.*, 313 F. Supp. 2d 1135, 1139 (D. Kan. 2004) (citing *Johnson v. Riddle*, 305 F.3d 1107, 1107 (10th Cir. 2002) (further citations omitted)).  A debt collector incurs civil liability under the FDCPA for failing to comply with any provision of the FDCPA.  15 U.S.C. § 1692k(a).  "Attorneys engaged in the collection of debts are debt collectors subject to liability under the FDCPA."  *Johnson*, 305 F.3d at 1117 (citing *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995)).

Defendant asserts four arguments to support its Motion to Dismiss plaintiff's FDCPA claim.  They are:  (1) the statute of limitations has expired, (2) defendant cannot incur liability for serving plaintiff at the wrong address, (3) defendant cannot incur liability because plaintiff has not alleged that defendant gave plaintiff any information about the debt, and (4) the Complaint fails to allege sufficiently which part of the FDCPA that defendant violated.  Additionally, defendant argues the court lacks subject matter jurisdiction over plaintiff's FDCPA claim because the *Rooker-Feldman* doctrine applies.  Because the court must ensure it has subject matter jurisdiction before proceeding, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S.

428, 434 (2011), the court first addresses whether the *Rooker-Feldman* doctrine bars the court

from deciding plaintiff's FDCPA claim. Then, the court considers defendant's arguments

against the sufficiency of plaintiff's Complaint.

### 1.    *Rooker-Feldman* **Doctrine**

Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising

appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463

(2006) (per curiam). The doctrine only applies to "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In essence, the

doctrine bars federal claims brought by those seeking, in effect, appellate review of state court

judgments "'based on the losing party's claim that the state judgment itself violates the loser's

federal rights.'" *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Tal*, 453 F.3d at

1256). The doctrine does not bar claims where "the *relief sought* in the federal action would not

reverse or undo the *relief granted* by the state court: 'If a federal plaintiff presents some

independent claim, albeit one that denies a legal conclusion that a state court has reached in a

case to which [plaintiff] was a party . . . then there is jurisdiction [for the district court].'" *Mo's

Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (quoting *Exxon Mobil*, 544 U.S. at

293 (further citations and quotations omitted)). The Supreme Court has warned that this doctrine

is a narrow one. *Lance*, 546 U.S. at 464.

Here, the Shawnee County District Court has set aside its judgment. Plaintiff thus is not

a state court "loser." Any relief she seeks would not require the court to "undo" or "reverse" the

Shawnee County District Court relief. In addition, the Complaint alleges that defendant violated

the FDCPA by failing to provide her with information that the FDCPA requires debt collectors to provide. *See* 15 U.S.C. § 1692g (requiring debt collectors to provide debtors with certain information about the debt). This alleged failure is entirely independent of the Shawnee County District Court's decision because plaintiff seeks relief based on defendant's failure to inform plaintiff about the nature of the debt rather than the Shawnee County District Court's relief to defendant. The *Rooker-Feldman* doctrine thus does not deprive the court of subject matter jurisdiction.

So the court now considers defendant's arguments that plaintiff has failed to state a claim for relief under the FDCPA.

### 2.    Statute of Limitations

A plaintiff must bring an FDCPA claim within one year of any violation. 15 U.S.C. § 1692k(d). A court analyzes individual violations discretely for statute of limitation purposes. *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1188 (10th Cir. 2013) (citing *Solomon v. HBC Mortg. Corp.*, 395 F. App'x 494, 497 (10th Cir. 2010)) (refusing to dismiss FDCPA claims that occurred less than a year before plaintiff filed the Complaint even though one FDCPA violation occurred more than a year before the plaintiff filed the Complaint). Plaintiff filed this suit on November 29, 2016. *See* Doc. 1. Thus, the only actionable claims are those that accrued on or after November 29, 2015.[7]

Plaintiff argues that the court should equitably toll the FDCPA statute of limitations for the actions defendant took in 2011. "[E]quitable tolling pauses the running of, or 'tolls,' a statute

---

[7]    Defendant incorrectly argues that "any alleged violations [of the FDCPA] that occurred prior to November 30, 2015, are barred by the statute of limitations . . . ." Doc. 17 at 10. "[R]equiring suit 'within one year' of an event means that the suit must be filed on or before the anniversary date of the event, not the day before the event." *Johnson*, 305 F.3d at 1115 (holding that a plaintiff could file a claim on August 24, 1998 for a claim that accrued on August 24, 1997). Thus, plaintiff has an actionable claim for any violation that occurred on or after November 29, 2015.

of limitations when a litigant has pursued [her] rights diligently but some extraordinary

circumstance prevents [her] from bringing a timely action." *Lozano v. Montoya Alvarez*, 134 S.

Ct. 1224, 1231–32 (2014). "[S]uits between private parties are presumptively subject to

equitable tolling." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1630 (2015). One way to

rebut this presumption is to show that a statute of limitations is jurisdictional.[8] *Id.* The Tenth

Circuit has not yet decided whether the FDCPA's statute of limitations is jurisdictional. *See*

*Johnson*, 305 F.3d at 1115 ("We do not need to decide whether [the FDCPA's] statute of

limitations is jurisdictional or not . . . ."). Only two circuits have decided this issue. The Ninth

Circuit views the FDCPA statute of limitations as non-jurisdictional. *Mangum v. Action*

*Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009). In contrast, the Eighth Circuit views it

as jurisdictional. *Hageman v. Barton*, 817 F.3d 611, 616 (8th Cir. 2016). Other circuits have

remained silent on the question. *See, e.g.*, *Smither v. Ditech Fin., L.L.C.*, 681 F. App'x 347, 355

(5th Cir. 2017) (refusing to decide if the FDCPA's statute of limitations is jurisdictional because

the plaintiff never raised the issue before the district court).

The court predicts that the Tenth Circuit would treat the FDCPA's statute of limitations

as non-jurisdictional. As noted above, courts apply a rebuttable presumption that equitable

tolling applies. *Kwai Fun Wong*, 135 S. Ct. at 1630. Courts only find that a statute of limitations

is jurisdictional if Congress has expressed clear intent. *Id.* (holding that the Federal Tort Claims

Act ("FTCA") statute of limitations was not jurisdictional because the FTCA's text lacked a

---

[8]    The Supreme Court has explained that jurisdictional statute of limitations "seek not so much to protect a defendant's case-specific interest in timeliness" but rather seek a "broader system-related goal, such as facilitating the administration of claims . . . , limiting the scope of a governmental waiver of sovereign immunity . . . , or promoting judicial efficiency." *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008) (internal citations omitted). Such statutes of limitations are absolute and courts cannot extend them regardless of any equitable considerations. *Id.* at 133–34.

clear statement that it was jurisdictional and nothing in its legislative history clearly showed that Congress intended for the statute of limitations to be jurisdictional).

Here, the full sentence that contains the FDCPA's statute of limitations reads as follows: "Jurisdiction:  An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."  15 U.S.C § 1692k(d).  While the United States Code labels this subsection "Jurisdiction," the Office of the Law Revision Counsel[9] and not Congress placed this label on the subsection.  *Mangum*, 575 F.3d at 939.  Indeed, the word "Jurisdiction" appears nowhere in the original text of the law that Congress passed.  *See* Fair Debt Collection Practices Act, Pub. L. No. 95-109, § 813(d), 91 Stat. 874, 881 (1977).  Thus, the provision's title, by itself, is not enough to overcome the presumption that the statute of limitations is non-jurisdictional.  *See United States v. Welden*, 377 U.S. 95, 98 n.4 (1964) (holding that the language of a law in the Statutes at Large prevails over the language of a law in the United States Code).  In fact, "a more natural reading [of the FDCPA] is that parties may bring their action in any 'court of competent jurisdiction' and may do so 'within one year.'"  *Mangum*, 575 F.3d at 940.  The "where" part of the sentence—the part of the sentence conferring jurisdiction on United States District Courts—does not inform the "when" part of the sentence—the part of the sentence limiting when a plaintiff can bring an action under the FDCPA.  *Id.*

For its part, defendant does not contest plaintiff's claim that equitable tolling applies to FDCPA claims.  Instead, defendant argues that plaintiff cannot satisfy the requirements for equitable tolling to apply.

---

[9]    The Office of the Law Revision Counsel is a body that compiles, prepares, and edits the laws Congress passes so that it can publish the United States Code.  2 U.S.C. § 285b(1), (5).

A plaintiff deserves equitable tolling when she establishes "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "Extraordinary circumstances" arise only when something outside of the plaintiff's control delays plaintiff discovering her cause of action. *Id.* at 756. Defendant asserts why plaintiff cannot meet this standard for two reasons: (1) plaintiff knew about the judgment and (2) plaintiff did not pursue her rights diligently and should have known defendant filed suit against her.[10] Defendant's first argument fails because the Complaint alleges plaintiff did not know about the judgment entered against her until December 2015.

Defendant's second argument is not persuasive either. A party has a duty to act diligently when that party receives facts that lead a reasonable person to suspect injury. *Robert L. Kroenlein Trust ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1280 (10th Cir. 2014) (holding that a plaintiff should have been aware that the defendant was stealing from him when he noticed discrepancies in his inventory accounting). Here, the governing facts provide no reason to conclude that a reasonable person would have known about defendant's underlying collection activities until defendant began garnishing her wages in December 2015.

Defendant argues that plaintiff had sufficient facts when it filed the lawsuit because court records are public. To support this position, defendant cites cases where Kansas state courts presume a party has constructive knowledge of public records, like deeds or statutes. *See* Doc. 19 at 5 (citing *Bi-State Dev. Co., Inc. v. Shafer, Kline & Warren, Inc.*, 990 P.2d 159, 162 (Kan. Ct. App. 1999); *Knight v. Myers*, 748 P.2d 896, 901 (Kan. Ct. App. 1988)). But simply because

---

[10] Defendant cites Kansas state law to support these propositions. Federal law, however, controls if equitable tolling applies to plaintiff's federal law claims. *See Johnson*, 305 F.3d at 1113–16.

court records are public does not mean a reasonable person must check all court records to see if someone has sued her.  Defendant cites no cases and the court can find none where a court has charged a party with constructive notice that someone filed a lawsuit against her simply because court records are open to the public.  Defendant's line of reasoning would obviate the need for service of process, which gives litigants notice that someone is suing them.  But this would violate the norms of due process.  *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) ("[A]t a minimum [the Due Process Clause of the Constitution] require[s] that deprivation of life, liberty or property by adjudication be preceded by *notice* and opportunity for hearing appropriate to the nature of the case." (emphasis added)).  The court rejects defendant's argument.

The Complaint sufficiently alleges facts that could lead a reasonable jury to conclude equitable tolling applies to plaintiff's claim.  The precise duration of any equitable tolling depends on plaintiff's ability to marshal admissible evidence to support her allegations.  At this juncture, the court concludes only that defendant has failed to establish that equitable tolling does not apply here.

### 3.    FDCPA Liability for Void Judgment

The Complaint alleges that defendant violated the FDCPA when defendant secured a default judgment against plaintiff without properly serving the lawsuit on plaintiff.  Our court has found "no support for the proposition that pursuing a collection action without serving the debtor constitutes a violation of the FDCPA."  *Dillon v. Riffel-Kuhlmann*, 574 F. Supp. 2d 1221, 1223 (D. Kan. 2008).  This is so because the FDCPA is not "an enforcement mechanism for other rules of state or federal law."  *Keylard v. Mueller Anderson, P.C.*, No. 13 C 2468, 2013 WL 4501446, at *3 (N.D. Ill. Aug. 22, 2013).

But our court has recognized that "sewer service" claims are viable against defendants to support an FDCPA claim. *Briscoe v. Cohen, McNeile & Pappas, P.C.*, No. 14-2146-DDC-KGG, 2014 WL 4954600, at *4 (D. Kan. Oct. 1, 2014). To allege a "sewer service" claim sufficiently under the FDCPA, the Complaint must allege that "defendants made deliberately false statements in proofs of service of summons by attesting that they had served the plaintiffs when they had not." *Id.* In *Briscoe*, our court concluded that the Complaint did not allege that theory sufficiently. *Id.* at *6. The Complaint never alleged that the "defendant instructed the Sheriff to serve him at the incorrect address *for the purpose* of obtaining a default judgment fraudulently or that defendant filed the Journal Entry of Judgment certifying that plaintiff had been served with process when it *actually knew* he was not served." *Id.* at *6.

In contrast here, the Complaint alleges that defendant instructed the Sheriff to serve plaintiff at the Topeka address to obtain a default judgment. Doc. 15 ¶ 37 ("The improper method of attempted service of process was made solely to procure a service of process which the attorney knew would be insufficient but which would let the attorney 'paper the file' with a service of process to allow them to try to obtain a default judgment without Due Process of Law."). If plaintiff can produce admissible evidence to support her allegation, it could provide a basis for a reasonable jury to find defendant used "false, deceptive, or misleading representation[s] or means in connection with the collection of [a] debt." 15 U.S.C. § 1692e.[11] The Complaint thus sufficiently alleges that defendant violated the FDCPA by knowingly

---

[11]    Plaintiff argues that this case is similar to *F.T.C. v. LoanPointe, LLC*, 525 F. App'x 696 (10th Cir. 2013). Specifically, plaintiff argues *LoanPointe* holds that "wage garnishments can serve as a basis for liability under the federal law." Doc. 18 at 12. Plaintiff is correct that wage garnishments can serve as a basis for liability under the FDCPA. *See LoanPointe*, 525 F. App'x at 700. In that case, however, the debt collector told the employer that the debt collector did not need a court order to garnish wages. *Id.* at 698. This was a false statement, thus making the debt collector liable under § 1692e. *Id.* at 700. Here, the Complaint alleges defendant made no false statements to plaintiff's employer. *LoanPointe* thus differs from this case and does not aid the court in its analysis.

causing the Sheriff to serve plaintiff at the wrong address.  The court declines to dismiss this claim.

### 4.    Liability for Failure to Provide Information on Debt

Defendant next argues that it cannot incur liability under the FDCPA because the Complaint does not allege that defendant gave plaintiff any misleading information about the debt.  Plaintiff agrees that her Complaint never alleges that defendant gave her information.  But, plaintiff asserts that defendant incurs liability under the FDCPA because it gave plaintiff *no* information.

The FDCPA provides:  "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless [information about the debt] is contained in the initial communication . . . , send the consumer a *written* notice containing" information about the debt.  15 U.S.C. § 1692g(a) (emphasis added). "A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."  *Id.* § 1692g(d).

Here, the Complaint alleges the following:  (1) the initial communication occurred on December 16, 2015, when plaintiff first contacted defendant; (2) defendant only told plaintiff about a debt not related to the garnishment action; and (3) defendant did not send a written communication about the debt afterwards.  The Complaint sufficiently alleges that defendant failed its duty under the FDCPA to send written notice containing information on the debt.

### 5.    Lack of Specificity

Defendant argues that the court should dismiss plaintiff's FDCPA claim because the Complaint fails to allege a specific violation of the FDCPA.  Defendant directs the court to *Burdett v. Harrah's Kansas Casino Corp.*, 260 F. Supp. 2d 1109 (D. Kan. 2003), as support.

15

But, in *Burdett*, our court was concerned that the Complaint at issue failed to allege when the violative conduct occurred. *Id.* at 1119. The court observed that large portions of the Complaint suggested the violative conduct occurred more than a year before plaintiff had filed suit, thus making the suit time-barred. *Id.* The Complaint did not permit the court to identify specific violations of the FDCPA or when they occurred. The court thus directed plaintiff to file an amended complaint supplying the necessary specificity. *Id.* The court did not dismiss the claim at that time. *Id.*

Unlike *Burdett*, the Complaint here identifies specific violations of the FDCPA in the Complaint: defendant violated § 1692e because it knowingly caused the Sheriff to serve plaintiff at the wrong address and defendant violated § 1692g because it failed to provide information about the debt. The Complaint also specifies when these alleged violations purportedly occurred. Specifically, it alleges that defendant (1) knowingly caused the Sheriff to serve plaintiff improperly on November 9, 2011 and (2) failed to provide plaintiff information about the debt after the initial communication on December 16, 2015. The Complaint thus sufficiently alleges an FDCPA claim and the court denies defendant's Motion to Dismiss the FDCPA claim.

**B.    KCPA (Count II)**

Count II of the Complaint alleges that defendant violated the Kansas Consumer Protection Act ("KCPA"). The KCPA prohibits deceptive and unconscionable acts in connection with a consumer transaction. Kan. Stat. Ann. §§ 60-626(a), -627(a). Neither party disputes that the KCPA applies to defendant's acts to collect a debt. Instead, defendant argues that there are five reasons to dismiss the KCPA claims: (1) the statute of limitations has expired; (2) Kan. Stat. Ann. § 61-3302(e) protects defendant from liability; (3) defendant cannot act unconscionably when collecting a debt because it had a facially valid judgment; (4) defendant

cannot incur liability under the KCPA because it had a duty to its clients, not plaintiff; and (5) plaintiff fails to allege specifically how defendant violated the KCPA. The court addresses these theories, in turn, in subsections 1 through 5 below.

### 1.    Statute of Limitations

A plaintiff must bring an action under the KCPA within three years of the claim accruing. *Id.* § 60-512. Thus, no act before November 29, 2013 is actionable under the KCPA.[12] The parties dispute whether any of defendant's actions after November 29, 2013 constitute a violation under the KCPA. The court addresses the various expressions of this dispute in the next four subsections.

### 2.    Kan. Stat. Ann. § 61-3302(e)

Defendant next argues that Kan. Stat. Ann. § 61-3302(e) precludes liability. Section 61-3302(e) provides that a party cannot incur liability for damages from a post-judgment proceeding that has been set aside, unless plaintiff can prove that defendant fraudulently obtained the judgment in the first place. Plaintiff contends there are three reasons why § 61-3302(e) does not shield defendant from liability: (1) the KCPA remedy is a statutory penalty, not damages; (2) § 61-3302(e) requires that plaintiff prove fraud; and (3) the Complaint sufficiently alleges fraud. The court need not decide whether "damages" under § 61-3302(e) include "penalties" because the court agrees with plaintiff that the Complaint sufficiently alleges fraud and thus survives defendant's Motion to Dismiss.

To allege a fraudulent judgment sufficiently, plaintiff must show "'that one has acted with an intent to deceive or defraud the court.'" *Atkins v. Heavy Petroleum Partners, LLC*, 86 F.

---

[12]    Defendant incorrectly contends that any act before November 30, 2013 is not actionable. In Kansas, the day the action is taken is excluded from the statute of limitations clock and that clock starts running the day after. Kan. Stat. Ann. § 60-206(a)(1)(A). Thus, if a defendant acted on November 29, 2013 to create a liability, the limitations clock started running on November 30, 2013. Three years from November 30, 2013 is November 29, 2016—the day plaintiff filed this lawsuit.

Supp. 3d 1188, 1203 (D. Kan. 2015) (quoting *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995)). Here, the Complaint alleges that defendant knew service would be ineffective at the Topeka address, but it nonetheless stated that the Sheriff could serve plaintiff there because serving plaintiff at this Topeka address provided a quick way to secure a default judgment. The Complaint thus alleges that defendant acted to deceive the Shawnee County District Court by claiming it had provided notice of the lawsuit to plaintiff. This caused the court to believe it properly could enter a default judgment against plaintiff when plaintiff never responded to the Petition. The Complaint sufficiently alleges that defendant secured the state court judgment fraudulently. If supported with admissible evidence, these allegations provide a plausible basis for a finding that § 61-3302(e) does not shield defendant from liability. The court declines to dismiss the KCPA claim for this reason.

### 3. No Unconscionability for Facially Valid Judgment

Defendant next argues the court should dismiss plaintiff's KCPA claim because defendant cannot incur liability under the KCPA for failing to provide plaintiff information about the debt and failing to reverse the debt after plaintiff asked it to do so. Defendant asserts that it could not act unconscionably because it had a facially valid judgment and was not her attorney. Both arguments miss the mark.

Even if defendant had acquired a facially valid judgment, defendant has a duty to refrain from deceptive or unconscionable acts "during the collection of, or an attempt to collect, a debt which arose from a consumer transaction." *State ex rel. Miller v. Midwest Serv. Bureau of Topeka, Inc.*, 623 P.2d 1343, 1349 (Kan. 1981). This includes "the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact." Kan. Stat. Ann. § 50-626(b)(3). Thus, if the Complaint sufficiently alleges defendant engaged in a

deceptive or unconscionable act in connection with the collection of the debt—even if defendant

had a facially valid judgment—it incurs liability under the KCPA.

Here, the Complaint alleges that defendant gave plaintiff no information about her

alleged debt.  The Complaint alleges that plaintiff called defendant multiple times and defendant

never gave her adequate information.  Given the Complaint's allegations that plaintiff called

defendant a number of times trying to acquire information about the debt, the court finds that

plaintiff has alleged facts sufficient for a reasonable jury to find that defendant willfully

concealed a material fact.

It also does not matter that plaintiff's interests were adverse to the interests of defendant's

client.  While defendant has an ethical obligation to its clients, defendant cannot "make a false

statement of material fact or law to a third person . . . ."  Kan. R. Prof'l Conduct 4.1.  Here, the

Complaint alleges that defendant falsely informed plaintiff that no statute of limitations bars a

debt collection action.  But, this representation, if made, falsely portrays the law.  A debt

collector must bring a debt collection action within three years after the claim accrues.  Kan.

Stat. Ann. § 60-512; *see also Boedicker v. Midland Credit Mgmt., Inc.*, 227 F. Supp. 3d 1235,

1237 (D. Kan. 2016) (finding that the statute of limitations expired on March 29, 2015 for a debt

claim that accrued on March 29, 2012).  If plaintiff can muster admissible evidence to support

her Complaint's allegations—and if a jury would accredit that evidence—it would provide a

sufficient basis for a KCPA claim.

### 4.    Specificity

Last, defendant argues that plaintiff failed to allege specifically how defendant violated

the KCPA.  Defendant cites *Davis v. Nebraska Furniture Mart, Inc.*, No. 11-2559-JAR, 2012

WL 1252633 (D. Kan. Apr. 13, 2012) to support this argument.  In that case, the court granted a

motion to dismiss for failure to state a claim because the Complaint simply alleged "'multiple violations of the Kansas Consumer Protection Act'" but failed to allege which acts violated the KCPA. *Id.* at *8 (quoting the Complaint). In contrast here, plaintiff has specifically alleged the conduct that allegedly violates the KCPA: defendant's failure to provide information about the underlying debt and the false claims about defendant's ability to collect the debt. This argument is unpersuasive and the court thus denies defendant's Motion to Dismiss plaintiff's KCPA claim.

### C.    Abuse of Process (Count III)

Count III alleges that defendant abused the process of the Shawnee County District Court. A claim for abuse of process exists when a plaintiff has alleged "the existence of an ulterior motive and an improper act in the regular prosecution of a proceeding." *Lindenman v. Umscheid*, 875 P.2d 964, 973 (Kan. 1994). In response, defendant argues it can incur no liability for abuse of process for four reasons. First, it can incur no liability when it conformed to statutory procedures. Next, the statute of limitations bars plaintiff's claims. Third, plaintiff has failed to allege an ulterior motive sufficiently. Last, § 61-3302(e) precludes liability. The court holds that plaintiff has alleged sufficiently that §61-3302(e) does not bar plaintiff's claim because plaintiff has alleged defendant fraudulently caused the Shawnee County District Court to enter a judgment against plaintiff. *See supra*, Part IV.B.2. The court addresses the other three arguments, in the next three subsections.

### 1.    Conforming with Statutory Procedures

Defendant first asserts that it can incur no liability for abuse of process when it conformed to statutory procedures. Defendant cites for support *Davis v. Nebraska Furniture Mart, Inc.*, 567 F. App'x 640 (10th Cir. 2014). In that case, the defendant used the court system to collect a debt in Kansas. *Id.* at 642. While defendant had employed multiple different tactics

to obtain judgment, Kansas law authorized all of them.  *Id.* at 641.  The Tenth Circuit held that defendant incurred no liability for abuse of process because defendant used Kansas law correctly to collect on a debt.

Here, the Complaint is quite different.  It alleges defendant never served plaintiff properly.  Defendant requested that the Sheriff serve plaintiff at the Topeka address, despite knowing that plaintiff did not live there.  This caused the clerk to issue a summons for plaintiff at an address where plaintiff did not live.  The Complaint thus alleges defendant did not conform to the statutory procedures adequately to support an abuse of process claim.

### 2.    Statute of Limitations

Defendant next argues that the statute of limitations has run on plaintiff's abuse of process claim.  The statute of limitations to bring an abuse of process claim is two years.  Kan. Stat. Ann. § 60-513(a)(4).  The statute of limitations does not accrue until "the fact of the injury becomes reasonably ascertainable to the injured party" when the plaintiff cannot discover the injury reasonably until sometime after the initial act.  *Id.* § 60-513(b).  Here, for reasons explained above, plaintiff has alleged facts that provide a plausible basis for finding that she reasonably could not have discovered her injury from defendant's abuse of process until defendant garnished her wages in December 2015.  *See supra*, Part IV.A.2.  Plaintiff filed this suit on November 29, 2016.  This is well within the statute of limitations and thus plaintiff has brought her claim timely.

### 3.    Ulterior Motive

Last, defendant asserts that plaintiff's Complaint fails to allege an ulterior motive.  To allege an ulterior motive sufficiently, a plaintiff must allege that defendant used the legal process "'for an end other than that which it was designed to accomplish.'"  *Thomas v. City of Baxter*

*Springs, Kan.*, 369 F. Supp. 2d 1291, 1299 (D. Kan. 2005) (quoting *Jackson & Scherer, Inc. v. Washburn*, 496 P.2d 1358, 1366–67 (Kan. 1972)).  In *Thomas*, our court denied a Motion to Dismiss an abuse of process claim where plaintiff alleged that defendant had filed criminal defamation charges against plaintiff and served a notice to appear.  *Id.* at 1299.  These processes are intended to keep a plaintiff from committing defamation.  *Id.*  The Complaint alleged that defendant filed the criminal charges and served the notice to appear "for the purpose of stopping plaintiff's exercise of his First Amendment rights."  *Id.* 1299–1300.  Because the Complaint alleged that the defendant used the process "'for an end other than that which it was designed to accomplish,'" plaintiff's abuse of process claim survived a Motion to Dismiss.  *Id.* at 1299 (quoting *Washburn*, 496 P.2d at 1366–67).

Here, the Complaint alleges that defendant knew service would not be effective but would allow defendant to secure a default judgment.  The purpose of service is to notify a party that a lawsuit has been filed against her, *State ex rel. Stephan v. Kansas House of Representatives*, 687 P.2d 622, 628 (Kan. 1984), and the Complaint alleges that defendant served plaintiff at the Topeka address to circumvent the purpose of this notice.  The Complaint alleges an ulterior motive and adequately alleges facts that, if true, could support a finding of such an improper motive.  The court thus denies defendant's Motion to Dismiss Count III.

### D.    Fraud (Count IV)

Count IV alleges that defendant defrauded plaintiff and the Shawnee County District Court.  Because each type of fraud requires plaintiff to prove different elements, the court discusses each separately.

### 1.    Fraud on the Court

The Complaint alleges that defendant defrauded the court when it falsely represented that the Sheriff could serve plaintiff at the Topeka address.  A defendant incurs liability to a plaintiff for defrauding the court when it intentionally deceives the court in a way that injures the plaintiff.  *Atkins*, 86 F. Supp. 3d at 1203.  When plaintiff alleges a "deliberate scheme to corrupt or subvert the basic function of the judiciary," plaintiff sufficiently alleges fraud on the court.  *Id.* (quoting *Boldridge v. Nat'l City Bank*, 313 P.3d 837, 2013 WL 6389341, at *3 (Kan. Ct. App. Dec. 6, 2013) (unpublished table decision)) (holding that a Complaint failed to allege a fraud on the court claim sufficiently when it failed to allege that defendant intended to deceive the court).

As with a standard fraud claim, plaintiff must allege the circumstances constituting fraud with particularity.  *Id.* (citing Kan. Stat. Ann. § 60-209(b)); *see also* Fed. R. Civ. P. 9(b) (requiring the same).  But a plaintiff need only allege knowledge and intent generally.  Kan. Stat. Ann. § 60-209(b); Fed. R. Civ. P. 9(b).  To succeed in pleading fraud with particularity, plaintiff must allege "'the time, place[,] and contents of the false representation[;] the identity of the party making the false statements[;] and the consequences thereof.'"  *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016) (quoting *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

Defendant argues that the Complaint fails to allege the circumstances constituting this fraud and intent with particularity. [13]  The court disagrees.  The Complaint alleges that defendant defrauded the court when it falsely represented to the court that the Sheriff could serve plaintiff

---

[13]    Defendant incorrectly implies that plaintiff must plead knowledge and intent with particularity.  Doc. 17 at 17.  Defendant argues, "[m]erely alleging that [defendant] made false statements is not enough for [plaintiff] to prosecute a fraud claim."  *Id.*  Plaintiff need only plead knowledge and intent generally and, under that standard, plaintiff's allegations here suffice.  *See United States ex rel. Smith v. Boeing Co.*, 505 F. Supp. 2d 974, 985 (D. Kan. 2007) (holding plaintiff sufficiently pleaded knowledge when the Complaint alleged that defendant "'knowingly caused to be submitted through defendant [] false or fraudulent claims for payment or approval . . . .'" (quoting the Complaint)).

at the Topeka address on November 9, 2011.  And the Complaint alleges that defendant's false representation caused the court to issue a default judgment, which allowed defendant to garnish plaintiff's wages.  The Complaint alleges that defendant knew that the Sheriff could not serve plaintiff at the Topeka address.  Plaintiff thus has pleaded with particularity the circumstances constituting the fraud on the court.

### 2.     Fraud on Plaintiff

The Complaint also alleges that defendant defrauded plaintiff when it failed to provide her with information about the underlying debt.  To allege that defendant defrauded plaintiff sufficient to withstand a motion to dismiss, a plaintiff must allege that:  (1) defendant made an untrue statement of fact; (2) defendant knew the fact was untrue; (3) defendant made the statement with the intent to deceive or with reckless disregard for the truth; (4) plaintiff relied on the statement; and (5) defendant's statement caused plaintiff injury.  *Alires v. McGehee*, 85 P.3d 1191, 1195 (Kan. 2004).  Defendant argues plaintiff fails to allege a fraud claim sufficiently for two reasons:  first, defendant argues that plaintiff has failed to allege the circumstances constituting fraud with particularity; and second, defendant argues that plaintiff did not rely on any statement by defendant to her detriment.

A plaintiff must allege the circumstances constituting fraud with particularity.  Fed. R. Civ. P. 9(b).  To plead fraud with the requisite particularity, plaintiff must allege "'the time, place[,] and contents of the false representation[;] the identity of the party making the false statements[;] and the consequences thereof.'"  *Urban Settlement Servs.*, 833 F.3d at 1254 (quoting *Koch*, 203 F.3d at 1236) (holding that a Complaint sufficiently alleged fraud when it specifically alleged who made the false statement, when the person made the false statement,

what actions plaintiffs took in reliance on the false statements, what injuries the plaintiffs suffered because of their reliance, and how the false statement furthered defendant's goals).

Plaintiff has not pleaded with particularity the circumstances constituting fraud on her. Plaintiff's Complaint alleges that defendant falsely represented to her that there was no statute of limitations on debt collection actions and defendant could file lawsuits repeatedly to collect on the debt. *See* Kan. Stat. Ann. § 60-512 (requiring that a plaintiff bring any contract claim within three years); *Fischer v. Roberge*, 120 P.3d 796, 799 (Kan. Ct. App. 2005) (affirming a district court's decision to dismiss a case for failure to prosecute and refusing to reinstate it). Defendant allegedly made these statements on March 21, 2016. But plaintiff fails to plead the consequences of these actions. The Complaint only alleges that plaintiff retained counsel in response to defendant's statements. It alleges no specific injuries plaintiff sustained because plaintiff relied on defendant's statements. Plaintiff thus has failed to plead the circumstances constituting fraud on her.

Plaintiff also argues that defendant committed fraud by silence. Plaintiff sufficiently alleges fraud by silence when the Complaint alleges, "defendant was under an obligation to communicate material facts to the plaintiff." *Great Plains Christian Radio, Inc. v. Cent. Tower, Inc.*, 399 F. Supp. 2d 1185, 1195 (D. Kan. 2005) (citing *DuShane v. Union Nat'l Bank*, 576 P.2d 674, 678–79 (Kan. 1978)). "Kansas courts have recognized that a duty to disclose may arise in two situations: (1) there is a disparity of bargaining power or of expertise between the two contracting parties; or (2) the parties are in a fiduciary relationship to one another." *Id.* (citing *DuShane*, 576 P.2d at 678–79).

Plaintiff asserts that she and defendant were in a fiduciary relationship. But the facts alleged in the Complaint cannot support that assertion. A fiduciary relationship exists "'where

there has been a special confidence [placed] in one who, in equity and good conscience, is bound

to act in good faith and with due regard to the interests of one [placing] the confidence.'"

*Ensminger v. Terminix Int'l Co.*, 102 F.3d 1571, 1574 (10th Cir. 1996) (quoting *Lindholm v.*

*Nelson*, 264 P. 50, 54 (Kan. 1928)).  Here, the Complaint fails to allege any facts that would

allow a reasonable factfinder to conclude that she placed a special confidence in defendant.  To

the contrary, the Complaint alleges that defendant represented an adverse party who was

attempting to collect a debt from plaintiff.  No allegations in the Complaint provide a plausible

basis for a finding that defendant was bound to act with due regard to her interests.  *See* Kan. R.

Prof'l Conduct 4.3 (requiring that when lawyers communicate with unrepresented parties, they

should not state or imply that they are disinterested).  Plaintiff thus has failed to allege a fraud

claim against her.

## V.    Conclusion

In sum, the court grants defendant's Motion to Dismiss Count IV in part and denies it in

part.  The court grants defendant's motion on plaintiff's theory that defendant defrauded her.

But the court denies defendant's motion on plaintiff's theory that defendant defrauded the

Shawnee County District Court.  The court otherwise denies the Motion to Dismiss.  Counts I, II,

III, and part of IV can proceed as alleged.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to

Dismiss (Doc. 16) is granted in part and denied in part.

**IT IS SO ORDERED.**

**Dated this 22nd day of December, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
